IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STACY HIGA, ) | CIVIL NO. 08-00411 JMS/LEK |
| ) | |
| Plaintiff, ) | ORDER GRANTING DEFENDANT |
| ) | STUART ISHIMARU'S MOTION TO |
| vs. ) | DISMISS |
| ) | |
| NAOMI EARP, in her official capacity ) | |
| as Chair and Head of the UNITED ) | |
| STATES EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION; ) | |
| LINCOLN ASHIDA, in his official ) | |
| capacity as Corporation Counsel of ) | |
| Hawaii, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## ORDER GRANTING DEFENDANT STUART ISHIMARU'S MOTION TO DISMISS

## I. INTRODUCTION

Plaintiff Stacy Higa ("Plaintiff") filed a Complaint against Naomi

Earp, in her capacity as Chair and Head of the United States Equal Employment

Commission[1] ("EEOC") and Lincoln Ashida ("Ashida"), in his official capacity as

Corporation Counsel, County of Hawaii (collectively, "Defendants") seeking

_____

[1] Because Stuart Ishimaru ("Ishimaru") replaced Namoi Earp ("Earp") as Chair and Head of the United States Equal Employment Opportunity Commission ("EEOC Chair") and because Plaintiff Stacy Higa brought his Complaint against Earp in her official capacity as EEOC Chair, Ishimaru is automatically substituted as a Defendant for Earp pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

declaratory and injunctive relief regarding an administrative law judge's ("ALJ")

April 2, 2008 decision to which Plaintiff was not a party ("April 2 Decision").

Plaintiff alleges that the April 2 Decision violated his right to due process under

the Fifth Amendment of the United States Constitution.  Currently before the court

is Defendant Ishimaru's Motion to Dismiss and Defendant Ashida's Joinder in

Support of Defendant Stuart Ishimaru's Motion to Dismiss (collectively,

"Defendants' Motion to Dismiss").  Based on the following, the court GRANTS

Defendants' Motion to Dismiss.

## II. <u>BACKGROUND</u>

### A.    Factual Background

Plaintiff alleges that the April 2 Decision -- which he contends

contains findings adverse to him -- was obtained in violation of his due process

rights guaranteed by the Fifth Amendment and requests declaratory and injunctive

relief.  Compl. ¶¶ 20-21, 23, 28.

### 1.    *Plaintiff's Factual Allegations*

At the time his Complaint was filed on September 10, 2008, Plaintiff

was the chairperson of the Hawaii County Council (the "Council") and a candidate

for Mayor of the County of Hawaii (the "County").  *Id.* ¶ 1.  On or about October

2, 2006, Melissa M. Chang ("Chang") filed an Employment Pre-Complaint

Questionnaire with the Hawaii Civil Rights Commission (the "HCRC"). *Id.* ¶ 6.

Chang then filed a Charge of Discrimination ("Chang's Discrimination Charge")

on or about November 6, 2006 with the HCRC alleging sex discrimination and

retaliation by the County and the Council -- specifically, bringing claims against

Plaintiff. *Id.* ¶¶ 8-9. The HCRC served Chang's Discrimination Charge on the

County and Corporation Counsel of the County, Ashida and his deputies

(collectively, "Corporation Counsel"), who entered appearances at the HCRC and

the EEOC proceedings on behalf of the County and the Council. *Id.* ¶¶ 10-11.

While not entirely clear, Plaintiff claims that at some point later Corporation

Counsel "ostensibly . . . represented" him yet refused to make appropriate efforts to

join him as a party. *See id.* ¶¶ 12-13.

Plaintiff believes that the HCRC then waived jurisdiction over

Chang's Discrimination Charge and referred the matter to the EEOC for further

proceedings, and the EEOC in turn referred the matter for a hearing before an ALJ.

*Id.* ¶¶ 14-15. The ALJ held hearings on Chang's Discrimination Charge between

November 27, 2007 and November 30, 2007 in Hilo, Hawaii and issued the April 2

Decision, which was sealed at Chang's request. *Id.* ¶¶ 16-17. Plaintiff contends

that the April 2 Decision contains findings adverse to him but also notes that he has

never read the April 2 Decision because it was sealed. *Id.* ¶¶ 17-18, 20. Plaintiff

asserts that these adverse findings were used against him "by parties unknown by way of press 'leaks,' likely for political purposes in his mayoral campaign" and speculates that they may be used against him in the future "in other civil proceedings." *Id.* ¶ 20.

Plaintiff also alleges that Corporation Counsel is in the process of negotiating a settlement with Chang without his consent. *See id.* ¶ 26.[2]

### 2.    *Plaintiff's Claims*

Plaintiff claims that the April 2 Decision was obtained in violation of his Fifth Amendment right to due process. *Id.* ¶¶ 4, 21.  Plaintiff also alleges that Ashida, in his official capacity as Corporation Counsel, violated the Hawaii Rules of Professional Conduct governing lawyers by "ostensibly . . . represent[ing him]" and "fail[ing], refus[ing], or neglect[ing] to: advise [him] as to their potential conflict; obtain an informed waiver of potential conflict; . . . advise Plaintiff of his right to independent counsel" or "obtain party status for [him.]" *Id.* ¶¶ 12, 14, 22.

Plaintiff requests that the court (1) declare the April 2 Decision void *ab initio*, (2) enjoin the EEOC from enforcing the April 2 Decision, and (3) enjoin Ashida from attempting to settle this matter with Chang without Plaintiff's consent and from acting or purporting to act on Plaintiff's behalf. *Id.* ¶¶ 23, 28.

---

[2]  Plaintiff noted at the hearing that the April 2 Decision was appealed.

4

**B.     Procedural Background**

Plaintiff filed his Complaint for declaratory and injunctive relief on September 10, 2008.  On March 10, 2009, Ishimaru filed his Motion to Dismiss.  On April 14, 2009, Ashida filed a Motion for Joinder in Support of Defendant Stuart Ishimaru's Motion to Dismiss.  On May 4, 2009, Plaintiff filed an Opposition.  On May 11, 2009, Defendant Stuart Ishimaru filed a Reply.  A hearing was held on April 27, 2009.[3]

### III.  <u>STANDARDS OF REVIEW</u>

**A.     Rule 12(b)(1): Ripeness**

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks proper subject matter jurisdiction.  The court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) so long as "the jurisdictional issue is [not] inextricable from the merits of a case."  *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).

Pursuant to Rule 12(b)(1), a party may make a jurisdictional attack that is either facial or factual.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  A facial attack occurs when the movant "asserts that the

---

[3] Plaintiff failed to file a timely Opposition.  At the hearing, the court gave the parties leave to file an Opposition and Reply.

allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* at 1039.  A factual attack occurs when the movant "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

"The question of ripeness, like other challenges to a court's subject matter jurisdiction, is treated as a motion to dismiss under Rule 12(b)(1)," and thus, "[i]t is the burden of the complainant to allege facts demonstrating the appropriateness of invoking judicial resolution of the dispute." *Haw. Coalition for Health v. Hawaii*, 576 F. Supp. 2d 1114, 1119 (D. Haw. 2008) (quoting 15 Moore's Federal Practice § 101.73[1] (2005)); *see also Gemtel Corp. v. Cmty. Redevelopment Agency*, 23 F.3d 1542, 1544 (9th Cir. 1994) (noting that ripeness is properly challenged under Rule 12(b)(1)).

On a motion to dismiss for ripeness, "a court may properly look beyond the complaint to matters of public record and doing so does not convert a . . . motion [to dismiss] to one for summary judgment." *See Gemtel Corp.*, 23 F.3d at 1544 n.1.

The moving party "should prevail [on a motion to dismiss] only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Casumpang v. Int'l Longshoremen's &*

*Warehousemen's Union*, 269 F.3d 1042, 1060-61 (9th Cir. 2001) (citation and quotation signals omitted); *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

## B.    Rule 12(b)(6): Failure to State a Claim

When reviewing a Rule 12(b)(6) motion, a court takes the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (per curiam); *Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001). "A district court should grant a motion to dismiss if plaintiffs have not pled 'enough facts to state a claim to relief that is plausible on its face.'" *Williams ex rel. Tabiu v. Gerber Prods. Co.*, 523 F.3d 934, 938 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'Factual allegations must be enough to raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atlantic*, 550 U.S. at 555).

## IV.  <u>ANALYSIS</u>

Plaintiff brings a Fifth Amendment due process claim based upon his non-party status to the April 2 Decision. While not entirely clear, Plaintiff also may make a state law claim against Corporation Counsel based upon the Hawaii Rules of Professional Conduct. Defendants bring their Motion to Dismiss on the basis that Plaintiff's claims are not ripe, and Plaintiff has failed to state a claim

upon which relief can be granted.  For the foregoing reasons, the court GRANTS

Defendant's Motion to Dismiss.

## A.     Ripeness

Defendants argue that any claims based upon the April 2 Decision are

not ripe for review because the April 2 Decision is not final.  The court agrees.

It is well settled that "'injunctive and declaratory judgment remedies

are discretionary, and courts traditionally have been reluctant to apply them to

administrative determinations unless these arise in the context of a controversy

'ripe' for judicial resolution.'" *Assoc. of Am. Med. Coll. v. United States*, 217 F.3d

770, 779 (9th Cir. 2000) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148

(1967), *overruled on other grounds by, Califano v. Sanders*, 430 U.S. 99 (1977));

*see also Haw. Coalition*, 576 F. Supp. at 1124.  The ripeness doctrine prevents "the

courts, through avoidance of premature adjudication, from entangling themselves

in abstract disagreements over administrative policies, and also to protect the

agencies from judicial interference until an administrative decision has been

formalized and its effects felt in a concrete way by the challenging parties." *Abbott

Labs.*, 387 U.S. at 148-49.  The court must assess "both the fitness of the issues for

judicial decision and the hardship to the parties of withholding court

consideration." *Id.* at 149.  Based on the following, the court finds that Plaintiff's

claims premised on the April 2 Decision are not ripe for review.

### 1.      *Fitness for review*

"Generally, agency action is fit for review if the issues presented are

purely legal and the regulation at issue is a final agency action." *Anchorage v.*

*United States*, 980 F.2d 1320, 1323 (9th Cir. 1992) (citations omitted); *see also*

*Ecology Ctr., Inc. v. United States Forest Serv.*, 192 F.3d 922, 924 (9th Cir. 1999)

("Courts are generally precluded, under the ripeness doctrine, from prematurely

adjudicating administrative matters until the proper agency has formalized its

decision making process.").  "The core question is whether the agency has

completed its decisionmaking process, and whether the result of that process is one

that will directly affect the parties." *Franklin v. Massachusetts*, 505 U.S. 788, 797

(1992); *see also Ecology Ctr., Inc.*, 192 F.3d at 925-26 (noting that courts

"intervene in the administration of the laws only when, and to the extent that, a

'final agency action' has an actual or immediate threatened effect" (quoting *Lujan*

*v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894 (1990))).  The court should look to

"whether the administrative action is a definitive statement of an agency's position;

whether the action has a direct and immediate effect on the complaining parties;

9

whether the action has the status of law; and whether the action requires immediate compliance with its terms." *Assoc. of Am. Med. Coll.*, 217 F.3d at 780.

The thrust of Plaintiff's allegations is that the April 2 Decision contains findings adverse to him that have leaked to the press (affecting his mayoral campaign which he lost) and may be utilized against him in future civil proceedings. *See* Compl. ¶¶ 18-20, 27.  This claim relies on the assumption that the adverse findings regarding Plaintiff will be either (1) affirmed by the final decision of the EEOC on appeal or (2) somehow memorialized in a publically available settlement.  Both of these assumptions are mere speculation about what may (or may not) occur on appeal or in settlement -- the court is not in a position to make factual determinations at to what might happen in the future.  Further, applying *Association of American Medical Colleges*, the April 2 Decision does not have a direct and immediate effect on Plaintiff, require that he comply with its terms, or have the status of law.

### 2.      *Hardship to the parties*

The consideration of hardship "does not mean just anything that makes life harder; it means hardship of a legal kind, or something that imposes a significant practical harm upon the plaintiff." *Natural Res. Def. Council v. Abraham*, 388 F.3d 701, 706 (9th Cir. 2004).  "Courts typically read the *Abbott*

*Laboratories* rule to apply where regulations require changes in present conduct or threat of future sanctions." *Assoc. of Am. Med. Coll.*, 217 F.3d at 783.  Plaintiff has failed to identify any hardship -- that is, he has not alleged that the April 2 Decision requires him to change his present conduct or that it threatens him with future sanctions.

Because Plaintiff's claim is not fit for review and his hardship does not weigh in favor of ripeness, the court DISMISSES his claim as unripe.

**B.      Failure to State a Claim upon Which Relief Can Be Granted**

Even if Plaintiff's claims were ripe, he has not stated a due process claim upon which relief can be granted.

"A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution." *Wedges/Ledges of Cal. v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir. 1994) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972)); *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (9th Cir. 2007) ("We have long held that a substantive due process claim must, as a threshold matter, show a government deprivation of life, liberty, or property." (quotations omitted)).  "A mere 'unilateral expectation' of a benefit or privilege is insufficient;

the plaintiff must 'have a legitimate claim of entitlement to it.'" *Nunez v. City of L.A.*, 147 F.3d 867, 872 (9th Cir. 1998) (quoting *Roth*, 408 U.S. at 577).

"[I]njury to reputation standing alone does not violate the Due Process Clause . . . ; one's interest in reputation standing alone is neither liberty nor property guaranteed against [government] deprivation without due process of law." *Wenger v. Monroe*, 282 F.3d 1068, 1074 (9th Cir. 2002) (citation and quotation signals omitted).[4] "Rather, due process protections apply only if a plaintiff is subjected to stigma plus; *i.e.*, if the [government] makes a charge against [a plaintiff] that might seriously damage his standing and associations in the community, and 1) the accuracy of the charge is contested, 2) there is some public disclosure of the charge, and 3) it is made in connection with the termination of employment or the alteration of some right or status recognized by state law." *Id.* (citation and quotation signals omitted).

Plaintiff bases his due process claim upon his allegations that the April 2 Decision was leaked to the press, causing an injury to reputation and affecting his campaign for mayor.

---

[4] Although *Wenger* examined the Due Process Clause of the Fourteenth Amendment, the standard under the Fifth Amendment is the same. *See Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1256 (9th Cir. 1997).

Applying *Wenger* (and taking Plaintiff's allegations as true), Plaintiff has not alleged either a property or liberty interest based on an injury to his reputation.  Nothing in Plaintiff's Complaint addresses the third prong of *Wenger's* stigma-plus test.  Namely, Plaintiff has not asserted that the alleged adverse findings were "made in connection with termination of his employment or the alteration of some right or status recognized by law."  *See Wenger*, 282 F.3d at 1074.

Contrary to Plaintiff's contention, the leak of the April 2 Decision did not "terminate[] his employment status."  *See* Pl.'s Opp'n 6.  First, Plaintiff resigned from the Council to run for mayor.  Second, losing an election is not "termination of employment" -- Plaintiff simply was not chosen by the voters.  Further, Plaintiff has not shown any legal right or entitlement to winning an election.[5]

---

[5] As to any potential property interest Plaintiff may allege because he was not a party to April 2 Decision, he is not subject to any actual or potential damages or financial exposure as a direct result of that action.  To the extent Plaintiff bases his due process claim on the belief that the April 2 Decision may expose him to civil liability at some point in the future, this is wholly speculative.  Further, Plaintiff does not cite any law or authority that he has a legal entitlement to be free of civil liability in this matter.  *See Nunez v. City of L.A.*, 147 F.3d 867, 872 (9th Cir. 1998) ("A mere 'unilateral expectation' of a benefit or privilege is insufficient; the plaintiff must 'have a legitimate claim of entitlement to it.'" (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972))).

In sum, Plaintiff has failed to allege any protected property or liberty interest that would support either a procedural or substantive due process claim. Thus, the court GRANTS Defendants' Motion to Dismiss.

## C.   State Law Claims

Although not entirely clear, Plaintiff may also assert state law claims against Ashida as Corporation Counsel based upon the alleged violations of the Hawaii Rules of Professional Conduct.[6]  Because no federal claims remain, the court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may allege in his Complaint.  *See* 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").

///

///

///

///

///

///

---

[6]  At the hearing, the court requested that Plaintiff specifically address whether he brings any state law claims and, if so, whether this court should maintain jurisdiction over those claims if his federal claims fail.  Plaintiff did not address that point in his Opposition.

14

## V.  <u>CONCLUSION</u>

For the reasons stated above, the court GRANTS Defendants' Motion

to Dismiss.  The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 15, 2009.



                <u>/s/ J. Michael Seabright</u>
                J. Michael Seabright
                United States District Judge

*Higa v. Earp et al.*, Civ. No. 08-00411 JMS/LEK; Order Granting Defendant Ishimaru's Motion
to Dismiss